UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAN 5 2022 PM 12:01
FILED - USDC - BPT - CT

Racquel Patterson,
Plaintiff,

v.

Stamford Hospital,
Defendant(s).

Case No. 212035 6
(To be supplied by the Court)

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff resides at the following location: 41 Home Court Stamford CT, 06902

2. Defendant(s) reside(s) at the following location [Attach additional sheets if more space is required]: 1 Hospital Plaza, Stamford, Connecticut 06902

3. This action is brought pursuant to [Check all spaces that apply to the type of claim(s) you wish to assert against the Defendant(s)]:

☑ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f). Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

☐ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., for employment discrimination based upon age. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343. Equitable and other relief is sought under 29 U.S.C. §§ 626(b) and (c) or §§ 633a(b) and (c).

My Year of Birth is: _____.

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

☐ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Id.

4. The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

(A) ☐ Failure to hire me. I was refused a job on the following date(s): ____

(B) ☑ Termination of my employment. I was terminated from my employment on the following date: 4/19/2021.

(C) ☐ Failure to promote me. I was refused a promotion on the following date(s): ____

(D) ☐ Other acts as specified below: Intimidation michelle Watson was trying to ruin my reputation as an employee and my job performance She wanted me to fear her and walk from my job retaliation because I reported michelle watson and others to the EEOC of misconduct I was wrongful terminated from my job

2

5. The conduct of the Defendant(s) was discriminatory because it was based upon: race [✓], color [ ], religion [ ], sex [ ], age [ ], national origin [✓] or disability [✓]. [Please check all applicable bases for your claim of discrimination and explain further, if necessary]: I was treated unfairly by my manager, Michelle Watson and her manager Sarah Sanders and my HR Representative Sarah Devine.

6. The facts surrounding my claim of employment discrimination are as follows [Attach additional sheets, if necessary]:

Michelle Watson and Sarah Sanders repeatedly attcked me, Padding my files with malicious lies to hurt me and to get me fired from job by harassing me at work and when I'm not at work by Phone. also some employee made fun of my disability and my race, after talking to my Hr representative Sarah Divine She did nothing to help me She sided with michelle watson and the others

7. The approximate number of persons who are employed by the Defendant employer I am suing is: More than 3,500 Employees.

8. The alleged discrimination occurred on or about the following date(s) or time period: March 2020

9.  I filed charges with the:

   ☑ Equal Employment Opportunity Commission

   ☑ Connecticut Commission on Human Rights and Opportunities

10.  The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: 10/6/21.

[**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s). Failure to do so may result in delaying consideration of your claim(s).]

11.  The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: I have a Similar Case that's being investigated by the EEOC this case filed back in 2019 and it's still open my manager michelle watson kept harssing me.

12.  If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

13.  WHEREFORE, Plaintiff(s) pray(s) that: The Court grant such relief as may be deemed appropriate, including [**NOTE:** While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.):

   ☐ Injunctive orders (specify the type of injunctive relief sought): _____

   ☑ Backpay;

☐ Reinstatement to my former position;

☒ Monetary damages (specify the type(s) of monetary damages sought): back pay, wrongful termination, Pain and Suffering Punitive Damage, mental anguish

☐ Other (specify the nature of any additional relief sought, not otherwise provided for on this form): _____

AND costs and attorneys' fees.

## JURY DEMAND

I hereby   DO ☒   DO NOT ☐   demand a trial by jury.

_____   RPatterson
Original signature of attorney (if any)   **Plaintiff's Original Signature**

_____   RPatterson
Printed Name and address   Printed Name and address

( )  _____   (203) 832-3120
Attorney's telephone   Plaintiff's telephone

_____   RacquelPatterson123@Hotmail.com
Email address if available   Email address if available

Dated: 1/4/22

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___Stamford CT___ on ___1/4/22___.
  (location)                    (date)

_____R Patterson_____
**Plaintiff's Original Signature**

(Rev. 3/23/16)

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

### AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

| FOR CHRO USE ONLY | |
|---|---|
| Case No. 2130356 | Date: |
| EEOC No. 16A-2021-00883 | |

| | |
|---|---|
| My name is: | Racquel Patterson |
| My mailing address is: | 41 Home Court, Stamford, Connecticut 06902 |
| My telephone number is: | 203-832-3120 |
| My email address is: | Racquelpatterson123@hotmail.com |
| The respondent is: | Stamford Hospital |
| Whose business address is: | 1 Hospital Plaza, Stamford, Connecticut 06902 |

**I was …**
(Include the date of the actions taken against you. If ongoing, write "ongoing".)

| | | | | | |
|---|---|---|---|---|---|
| ☐ | **discriminated against in terms and conditions** | December 24, 2020-present (ongoing) | ☐ | not hired/promoted | |
| ☐ | terminated | | ☐ | given unequal duties | |
| ☐ | suspended | | ☐ | harassed | |
| ☐ | placed on probation | | ☐ | sexually harassed | |
| ☐ | demoted | | ☐ | earning different pay | |
| ☐ | warned | | ☐ | constructively discharged | |
| ☐ | given a poor evaluation | | ☐ | **retaliated against** | ongoing |
| ☐ | denied a raise | | ☐ | transferred | |
| ☐ | less trained | | ☐ | given difficult assignment | |
| ☐ | denied an office | | ☐ | not recalled | |
| ☐ | denied equal service(s) | | | | |
| ☐ | other: **Denied accommodation** | | | | ongoing |

**I believe that my…**
(Identify the protected class status you believe you were discriminated against because of)

| | | | | | |
|---|---|---|---|---|---|
| ☐ | Race: **African American** | | ☐ | Mental disability | |
| ☐ | Color **Black** | | ☐ | Intellectual disability | |
| ☐ | Religious creed | | ☐ | Learning disability | |
| ☐ | Age | | ☐ | Physical disability | **Diabetes, respiratory illness** |
| ☐ | Gender identity/expression | | ☐ | Veteran status | |
| ☐ | Marital status | | ☐ | Prior criminal conviction | |
| ☐ | National origin | | ☐ | Sexual orientation | |
| ☐ | Sex: ☐ Male ☐ Female | | ☐ | Pregnancy | |
| ☐ | Ancestry | | ☐ | Lawful source of income | |
| ☐ | Other: | | ☐ | Genetic information | |

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

☐ Previous opposition to discriminatory conduct

Was/Were in part a fact[or]

**THIS SECTION TO BE FILLED OUT BY CHRO STAFF**

The respondent violated the following statutes and acts listed below, as amended, enforced through CONN. GEN. STAT. § 46a-58(a) if applicable:

☒ CONN. GEN. STAT. § 46a-60(b)(1)
☒ CONN. GEN. STAT. § 46a-60(b)(4)
☐ CONN. GEN. STAT. § 46a-60(b)(5)
☐ CONN. GEN. STAT. § 46a-60(b)(7)
☐ CONN. GEN. STAT. § 46a-60(b)(8)
☐ CONN. GEN. STAT. § 46a-64
☐ CONN. GEN. STAT. § 46a-70
☐ CONN. GEN. STAT. § 46a-71
☐ CONN. GEN. STAT. § 46a-80
☐ CONN. GEN. STAT. § 46a-81

☒ **Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (cite for 15 or more individuals employed)**

☐ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 (cite for 20 or more individuals employed)

☒ **Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.**

☐ Equal Pay Act of 1964, U.S.C. § 206
☐ Section 504 of the Rehabilitation Act of 1973

☐ Other

I provide the following particulars:

1. My name is Racquel Patterson and I reside at 41 Home Court, Stamford, Connecticut 06902.

2. The respondent is Stamford Hospital whose business address is 1 Hospital Plaza, Stamford, Connecticut 06902.

3. The respondent employs more than 15 persons.

4. My protected classes are race (African American), color (Black), disability (diabetes, respiratory illness), and previous opposition to discrimination.

5. By way of background, I have filed a previous complaint of discrimination before the Commission on Human Rights and Opportunities (CHRO No. 2020343).

EEOC FORM 131-A (11/09)

## U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| [Addressee] STAMFORD HOSPITAL<br>1 Hospital Plaza<br>Stamford, CT 06902 | **PERSON FILING CHARGE**<br><br>**Racquel Patterson**<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>**EEOC CHARGE NO.**<br>**16A-2021-00883**<br><br>**FEPA CHARGE NO.**<br>**2120356** |

**NOTICE OF CHARGE OF DISCRIMINATION** IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
*(See the enclosed for additional information)*

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [X] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____ (FEP Agency)

[X] The **Connecticut Comm. On Human Rights & Opportunities** and sent to EEOC for dual filing purposes.
*(FEP Agency)*

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA or GINA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s): Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[X] Race  [X] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [X] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| May 20, 2021 | Judy A. Keenan,<br>District Director | |

Enclosure with EEOC
Form 131-A (11/09)

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14  Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Racquel Patterson<br>41 Home Court<br>Stamford, CT 06902 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>15 New Sudbury Street, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2021-00883 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 865-3672 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*                                            October 6, 2021

Enclosures(s)                Feng K. An,                 *(Date Issued)*
                             Area Office Director

cc:

STAMFORD HOSPITAL
1 Hospital Plaza
Stamford, CT 06902

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

6. By way of background, I requested an accommodation from Respondent, and provided a letter from my physician supporting my accommodation request, that I not work with COVID-19 patients. I returned to work in or around June of 2020, and Respondent provided me with an accommodation allowing me to not work directly with COVID-19 patients. As a result, I was able to work from in or around June of 2020 to December of 2020.

7. During this time, however, Manager Sarah Saunders (non-basis) and ICU and MICU manager Michelle Watson (non-basis) repeatedly to ask me for an additional doctor's note that would allow me to work with COVID-19 patients. My condition had not changed, and there was no new information to provide from my physician. I returned a second copy of my initial physician's letter in or around December of 2020.

8. On or about December 24, 2020, Watson placed me on leave stating Respondent could not accommodate a six foot social distance, despite being able to accommodate my disability for the past six months.

9. As recently as the week of April 19, 2021, I have received letters from Respondent demanding a letter from my physician justifying my continued absence from work despite Respondent placing me on indefinite leave in December of 2020. The letters further allege that they have not received a doctor's note from me since July of 2020, even though I provided one as requested in December of 2020.

10. I believe I am continuing to be discriminated against on the basis of my physical disability, and that these actions are also a continuation of discrimination based on my race and color that I documented in my previous complaint before the Commission on Human Rights and Opportunities. I had continued to be subjected to disparaging comments about non-white and Jamaican individuals while working for Respondent. Further, Respondent has provided the same accommodation to non-basis employees and allowed them to continue working while refusing to continue accommodate my disability and placing me on indefinite leave.

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

11. I also assert I am being retaliated against for filing a previous complaint of discrimination.

12. Upon information and belief, no other non-basis employees were subjected to similar harassment and discrimination in the manner that I was due to my race (African American), color (Black), disability (diabetes, respiratory illness), and previous opposition to discrimination.

13. I, therefore, believe that I was discriminated against in the terms and condition of my employment, denied an accommodation, and retaliated against based on my race (African American), color (Black), disability (diabetes, respiratory illness), and previous opposition to discrimination.

EEOC Form 161 (11/2020)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Racquel Patterson<br>41 Home Court<br>Stamford, CT 06902 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>15 New Sudbury Street, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2021-00883 | Amon L. Kinsey, Jr.,<br>Supervisory Investigator | (617) 865-3672 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

Feng K. An,
Area Office Director

October 6, 2021
*(Date Issued)*

Enclosures(s)

cc:

STAMFORD HOSPITAL
1 Hospital Plaza
Stamford, CT 06902

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC
Boston Area Office
JFK Federal Building, Room 475
15 New Sudbury Street
Boston, MA 02203

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



U.S. POSTAGE >> PITNEY BOWES

ZIP 20507
02 4W
0000361772
$ 000.53°

## U.S. Equal Employment Opportunity Commission

### Notification & Acknowledgement of Dual-Filed Charge

(This Notice replaces EEOC FORM 212-A)

### DIGITAL CHARGE SYSTEM

06/11/2021
EEOC Number: 16A-2021-00883C
FEPA Number: 2120356

This is notice that a charge of employment discrimination, Racquel Patterson v. STAMFORD HOSPITAL was initially received by Connecticut Comm. On Human Rights & Opportunities on 05/20/2021, and will be dual-filed with Boston Area Office.

Pursuant to the work sharing agreement, the Connecticut Comm. On Human Rights & Opportunities will Investigate Charge.

The Boston Area Office acknowledges receipt of the referenced charge, Racquel Patterson v. STAMFORD HOSPITAL, and intends to Defer Investigation.

Issued by:  
Madeline Malave, FQ  
Connecticut Comm. On Human Rights & Opportunities

Date:  
06/11/2021

Acknowledged by:  
Marc Hawley, R4  
Boston Area Office

Date:  
06/11/2021

The facts surrounding my claim of employment discrimination are as follows.

I was treated differently because of my color, as an African American woman I was harassed. I was not given an employee evaluation in 2020 and was also bullied by my manager Michelle Watson and her manger Sarah Sanders with the help of my HR representative Sarah Divine and other staff members this was a pattern by Miss Watson for years, Miss Watson has been reported to the state by another employee Miss Watson was investigated for harassing, intimidating, and bullying the staff on the two units that she manages. Following the investigation, she had to take a class, but it did not prevent her from doing the same to me. She continued to harass, bully, and intimidate me. Miss Watson and Sarah Sanders had a shared goal which was to get me to walk away from my job since they could not find probable cause to terminate me.

Discrimination of my disability I am diagnosed with type 2 diabetes, high blood pressure and COPD I was being treated for respiratory illness a month before covid 19 started so I requested reasonable accommodation not to be place in a covid 19 patient's room and because I have diabetes and high blood pressure and I was at a higher risk to die because of my health issues but Miss Watson Sarah Sanders and Sarah Divine refused to give me accommodation. My medical doctor who works for Stamford Hospital took precautions to keep me safe by pulling me out of work. During my time away from work I reached out to all three ladies about me coming back to work with accommodations they still refused but I had to leave work while Michelle had given two Caucasian registered nurses who also had health conditions accommodations so they could stay at work. I contacted the American Diabetes Association they emailed me a letter to give to My endocrinology it was letter for her to ask for reasonable accommodation for me to get back to work safely but in the middle of May I had Covid-19 and Pneumonia after getting over the effects of Covid -19. I developed an infection where I had to go to the hospital twice in a week for a procedure I returned to work the end of June 2020 with the letter asking for reasonable accommodations I gave the letter to Miss Watson they honor that letter for six months I was able to work with non-covid patients I was sent to other floors to work I sat with patients that needed sitters and if I stayed on my unit I did not go in covid patents room, but i had to be taken out of work by MD for two weeks and my doctor had to increase my depression and anxiety medication because I was traumatized and harassed by Michelle Watson and Sarah Sanders giving me a letter to give to my endocrinology what they wanted my doctor to say that I can work with covid patients I gave my doctor the letter she told me she will not go back on what she wrote and she followed the letter that the diabetes association gave me to give to her My doctor said they can place me somewhere else to work in the hospital. Michelle and Sarah started calling me on a weekly basis asking for the letter from my doctor and I told her that she said she stands by what she wrote that didn't stop them from harassing me. I Went back to work sometime in July 2020 I was still not working with the non-covid 19 patients but they still did not give up about the letter so on 12/24/20 i was due to show up for work at 7pm Michelle left me a voicemail to call she needed talk to me I sent her a text about the voicemail she sent me a text can I talk I told yes she called me and told I could not returned to work without the letter from my doctor releasing me from restriction I told my doctor she printed the same letter with a different date I emailed it to Michelle and Sarah Divine they both gave me different stories and that they could not accept the letter but they accepted it six month prior and nothing has changed about my

health. And they were still accommodating the two nurses. and I'm out of job they fired me and made it look like I abandon my job when I have email asking them to put me back on the schedule HR listen to Michelle because she's a bully and for years they allowed Michelle to harassed treat me unfairly and bullied verbally abuse lied on me and I reached out HR they did nothing to help me they covered up Michelle Watson behavior.

I experience significant personal pain I worked in a very hostile environment all of the abuse I suffered for the last six and a half years as severely affected my mental health I have low self-esteem, even though I have an open case with the EEOC that case was filed back in 2019 I turned over my evidence to the EEOC up to the day I had my interview with the EEOC investigator she asked for both parties to turn over evidence I did, Stamford Hospital lawyer sent over a email to me and the investigator that the 2019 case was dismissed the investigator told them it was not but they were still under the assumption that it was so Michelle Watson continue the harassment retaliated against fired me from my job. Stamford hospital's lawyer will try to ask for dismissal of this case because they don't want the truth to come out about what they did to me but I'm asking to let this case go through the courts and let this case be trial by jury.

Sincerely,

Racquel Patterson