UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Racquel Patterson | : |
|     Plaintiff, | :    No. 3:22-cv-00014-VLB |
| | : |
| v. | : |
| | :    December 5, 2022 |
| Stamford Hospital | : |
|     Defendant. | : |

## MEMORANDUM OF DECISION
## GRANTING DEFENDANT'S MOTION TO DISMISS, ECF 15

Racquel Patterson, ("Plaintiff"), brings this employment discrimination action against her former employer, Stamford Hospital ("Defendant"). (Compl., ECF 1.) Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") for employment discrimination on the basis of race and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* (the "ADA") for employment discrimination on the basis of a disability.[1] (*Id.*)

Defendant moves to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. to Dismiss, Dkt. 15.) Defendant argues

---

[1] **Plaintiff is proceeding pro se. Complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101-02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants). Plaintiff's complaint was completed using an employment discrimination complaint form, which provides a list of claims that could be raised in an employment discrimination suit. Compl. 1–2. Plaintiff checked off a box indicating she was raising a Title VII claim but failed to check off the box for an ADA claim. *Id.* However, the Court interprets Plaintiff as raising an ADA claim, because she alleges that the conduct of Defendant discriminatory on the basis of disability, (*id.*, 3), and the factual allegations contained within the substance of her complaint set forth sufficiently factual matter relating to an ADA claim.**

1

the Court must dismiss this case because Plaintiff failed to file her suit within the statutory time period required. Plaintiff filed a response, which did not address Defendant's timeliness argument. (Response, ECF 20.) The Court afforded Plaintiff an additional thirty-five days to respond to Defendant's motion to dismiss and provided her with specific instruction to address the timeliness argument raised by Defendant. (Order for Suppl. Briefing, ECF 29). More than thirty-five days have passed since that order. Plaintiff did not supplement her briefing.

As detailed below, the Court GRANTS Defendant's motion to dismiss because Plaintiff failed to comply with the timeliness requirement and has failed to provide any factual basis justifying her noncompliance.

I.      STANDARD OF REVIEW

"To survive [a] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021), *cert. denied,* 212 L. Ed. 2d 764, 142 S. Ct. 2679 (2022). "Where a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *Id.* "[A] document may be considered 'integral' to the complaint

in a narrow set of circumstances, where the plaintiff relies heavily on the document's terms and effect in pleading his claims and there is no serious dispute as to the document's authenticity." *Id.* at 107.

## II.     BACKGROUND

Plaintiff brings this employment discrimination action as a self-represented party (also known as pro se) against her former employer, Stamford Hospital. Compl.  Plaintiff alleges she was discrimination against based on her race and disability. *Id.*, 3.  Attached to her complaint are various documents that detail her allegations of discrimination.  *See generally* Compl.

Plaintiff filed charges with the Connecticut Commission of Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC"). (*Id.*, 4.)  On August 30, 2021, the CHRO issued a Case Assessment Review, wherein it concluded Plaintiff's complaint fails to state a claim for relief and there is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause.  (Ex. A to Def.'s Mem. of Law in Support of Mot. to Dismiss, ECF 16.)[2]  The EEOC issued a "Dismissal and Notice of Rights" letter to Plaintiff on October 6, 2021, indicting therein they are closing its file on this charge because it adopted the findings of the state or local fair employment practices agency that investigated the claim.  (*Id.*, 11.)  The notice informed

---

[2] The Court considers the records provided by Defendant from the CHRO action in adjudicating this motion, because the CHRO action is incorporated by reference in Plaintiff's complaint, the CHRO records play an integral part of this case as it provides the first procedural step in raising the claims, the authenticity of these documents are not disputed, and these documents were presumably within the possession of Plaintiff prior to filing the complaint.  *See supra*, Part I.

3

Plaintiff: "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost."  (*Id.*)  Ninety-one days later, on January 5, 2022, Plaintiff filed her complaint initiating this lawsuit.  (Compl.)

On March 22, 2022, Defendant filed the motion to dismiss presently before the Court.  (Mot. to Dismiss.)  On April 11, 2022, Plaintiff filed a response and a motion for the appointment of counsel.  (Response; Mot. for Appt. of Counsel, ECF 21.)  The Court denied Plaintiff's motion for appointment of counsel because Plaintiff failed to establish a sufficiently meritorious case.  (Dec. Denying Mot. for Appt. of Counsel, ECF 28.)  That day, the Court also issued an order affording Plaintiff another opportunity to respond to Defendant's motion to dismiss in light of the order denying her appointment of counsel.  (Order Affording Suppl. Briefing, ECF 29.)  The order provided that:

> Plaintiff may supplement her opposition to Defendant's motion to dismiss no later than 35 days from this order. Plaintiff is encouraged to carefully review Defendant's motion and respond to the arguments raised therein, particularly Defendant's argument that Plaintiff's complaint was filed outside of the 90-day period to do so. If Plaintiff can establish extraordinary circumstances that warrant tolling of the 90-day period, Plaintiff should state what those circumstances are. Plaintiff's failure to respond to the arguments raised in the motion to dismiss may be interpreted as a waiver of an objection to those arguments, which could warrant dismissal of this action or of certain claims.

(*Id.*)  More than thirty-five days have passed, and Plaintiff did not supplement her response to the motion to dismiss.

## III.   DISCUSSION

Defendant argues Plaintiff's complaint must be dismissed because it was raised outside of the applicable statutory period.  That statutory period is provided for in section 2000e-5(f)(1) of Title 42, which states:

> If a charge filed with the Commission . . . is dismissed by the Commission,  . . . the Commission . . . shall so notify the person aggrieved and within ninety days after giving of such notice a civil action may be brought against the respond named in the charge . . . .

Compliance with the ninety-day filing requirement of 42 U.S.C. § 2000e–5(f)(1) is not a jurisdictional prerequisite but rather a statutory requirement similar to a statute of limitation that is subject to waiver and equitable tolling.[3] *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").  When determining whether equitable tolling is appropriate, the Court must consider whether the plaintiff "(1) has acted with reasonable diligence during the time period [he] seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerrill–Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80–81 (2d Cir. 2003) (internal quotation marks omitted). "While the 90-day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" *Johnson v. Al*

---

[3] The Title VII limitations period is applicable to claims brought under the ADA. *See* 42 U.S.C. § 12117(a); *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011).

*Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (citing to *Rice v. New England College,* 676 F.2d 9, 11 (1st Cir. 1982)).

Defendant argues that Plaintiff filed this lawsuit ninety-one days after she received the EEOC Dismissal and Notice of Suit Rights, which is untimely and requires dismissal.  Plaintiff did not respond to this argument even after the Court gave her additional time to supplement her response and an explicit warning that the failure to respond could result in a finding that she has waived any argument on this issue.  Nor has Plaintiff provided any arguable basis upon which the Court could determine whether equitable tolling is appropriate.  Even though dismissing this suit due to the mere difference of a single day, the Court cannot extend the limitation period absent any justifiable basis for doing so.  *See Johnson*, 732 F.2d at 146.

Therefore, the Court dismisses Plaintiff's complaint for failing to comply with the ninety-day filing requirement of 42 U.S.C. § 2000e–5(f)(1).

IV.   CONCLUSION

For the above reasons, the Court grants Defendant's motion to dismiss.[4]

SO ORDERED.

Dated at Hartford, Connecticut this 5th day of December, 2022

                                     /s/
                              Vanessa L. Bryant
                              United States District Judge

---

[4] Granting leave to amend would be futile, see *Shibeshi v. City University of New York*, 531 Fed. Appx. 135, 136 (2d Cir. 2013).  The Court's prior order provided the effect of a decision dismissing without prejudice because it afforded Plaintiff ample time to address a specific and identified defect that mandates dismissal.